UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

OSAZEE NATHANIEL OBOH,            )
                                  )
    Petitioner,                   )
                                  )
v.                                )    No. 2:23-CV-00164-JRG-CRW
                                  )
UNITED STATES OF AMERICA,         )
                                  )
    Respondent.                   )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the United States's Motion for Discovery [Doc. 16]. Petitioner Osazee Nathaniel Oboh, a former federal inmate who is now in the custody of the United States Immigration and Customs Enforcement, moves to vacate his conviction and sentence under 28 U.S.C. § 2255. Specifically, he challenges his conviction for conspiring to commit bank fraud, money laundering, and aggravated identify theft, in violation of 18 U.S.C. § 371, by claiming that his attorneys were ineffective because they failed to advise him that mandatory deportation was a collateral consequence of his guilty plea. The Court recently ordered an evidentiary hearing on this claim.

Ahead of the hearing, the United States moves the Court, under Federal Rule of Civil Procedure 45,[1] to issue a subpoena duces tecum "to defendant's former lawyers commanding the production of any documents and electronically stored information in their possession, custody, or control that are germane to the issues raised in petitioner's Section 2255 Petition." [United States's Mot. at 1]. The United States's motion encroaches on the attorney-client

---

[1] "While there appears to be no definitive authority on the question of whether § 2255 proceedings are civil or criminal in nature, 'the overwhelming history of § 2255 indicates that motions filed under that section could be considered civil in nature.'" *Martinez v. United States*, 865 F.3d 842, 844 (6th Cir. 2017) (internal citation and quotation omitted).

privilege between Mr. Oboh's former attorneys and Mr. Oboh. "The attorney-client privilege is one of the oldest recognized privileges for confidential communications," and "the privilege is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998) (citation and quotation omitted). The United States contends that Mr. Oboh, by the nature of his claims, has waived the attorney-client privilege as to all communications relevant to "the issues that will be the subject of the evidentiary hearing." [*Id.* at 2].

"[C]ourts have recognized that a client implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation." *Mason v. Mitchell*, 293 F. Supp. 2d 819, 823 (N.D. Ohio 2003) (citing *Hunt v. Blackburn*, 128 U.S. 464, 470–71 (1888); *Bittaker v. Woodford*, 331 F.3d 715, 718–20 (9th Cir. 2003))). As the Sixth Circuit has explained, "litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case," and "[t]he privilege," therefore, "may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *In re Lott*, 424 F.3d 446, 452-453, 454 (6th Cir. 2005); *see United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999) ("[A] client may waive the privilege by conduct which implies a waiver of the privilege or a consent to disclosure." (citation omitted)); *see also Bittaker*, 331 F.3d at 716 ("It has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." (citations omitted)); *Tasby* v. *United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("Surely a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by

invocation of the attorney-client privilege. . . . When a client calls into public question the competence of his attorney, the privilege is waived." (citations omitted)).

The Supreme Court, in its "pathmarking ineffective-assistance case, *Strickland v. Washington*, itself hinted at th[e] requirement" that "[w]hen a habeas petitioner claims that he received ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications." *United States v. Pinson*, 584 F.3d 972, 977–78 (10th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 691 (1984)); *see Strickland*, 466 U.S. at 691 ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions." (citation omitted)). The American Bar Association, too, has recognized that a petitioner ordinarily waives the attorney-client privilege by raising a claim of ineffective assistance of counsel:

> [O]n July 14, 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456, entitled 'disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim.' . . . [T]he ABA acknowledges in the opinion that 'an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information[.]' . . . [T]he ABA concludes that disclosure may be justified in certain circumstances; however, any such disclosure should be limited to that which the attorney believes is reasonably necessary and should be confined to 'court-supervised' proceedings, rather than ex parte meetings with the non-client party. Simply put, the filing of an ineffective assistance of counsel claim does not operate as an unfettered waiver of all privileged communications.

*Young v. United States*, Nos. 2:13-cv-10108, 2:09-cr-00223-01, 2013 WL 2468623, at *2 (S.D. W. Va. June 7, 2013) (quoting ABA Standing Comm. on Ethics & Prof'l Responsibility, Formal Op. 10–456, 1, 5 (2010)); *see Wadford v. United States*, No. 2:06-cv-01294-PMD-1, 2011 WL 3489808, at *8 (D.S.C. Aug. 9, 2011) ("[T]he [ABA's] opinion itself notes that, '[a] client who contends that a lawyer's assistance was defective waives the privilege with respect to

3

communications relevant to that contention.'" (quoting ABA Standing Comm. on Ethics & Pro. Resp., Formal Op. 10–456 at 2 n.9).

So when a petitioner like Mr. Oboh maintains that his attorneys rendered ineffective assistance of counsel and that, as a result, he is entitled to the vacatur of his conviction and sentence, "courts routinely issue orders finding a limited, implied waiver of the attorney-client privilege." *United States v. Clark*, No. 1:10-cr-355, 2013 WL 74616, at *1 (W.D. Mich. Jan. 7, 2013) (citing *Drake v. United States*, No. 3:05-00209, 2010 WL 3059197, at *1–2 (M.D. Tenn. July 30, 2010); *United States v. Palivos*, No. 08 CV 5589, 2010 WL 3190714, at *7 (N.D. Ill. Aug. 12, 2010))). This waiver is limited expressly to Mr. Oboh's and his former attorneys' communications that may be relevant to Mr. Oboh's claims for relief under § 2255. *See In re Lott*, 424 F.3d at 453 ("Courts 'must impose a waiver no broader than needed to ensure the fairness of the proceedings before it.'" (quoting *Bittaker*, 331 F.3d at 720)); *United States v. Lossia*, No. 04-80482, 2008 WL 192274, at *2 (E.D. Mich. Jan. 23, 2008) ("Respondent is permitted to interview Petitioner's former counsel, but only to the extent necessary to litigate Petitioner's habeas claims." (citation omitted)). The United States informs the Court that these communications exist. *See* [United States's Mot. at 2 ("[T]he undersigned asked [Mr. Oboh's former attorneys] if there would be any documents pertinent to the matters alleged by the petitioner and was advised that there would be.")].

The United States's Motion for Discovery [Doc. 16] is **GRANTED**. Mr. Oboh, through his appointed counsel, is **ORDERED** to file within five days of this Order's date a waiver of his attorney-client privilege as it relates to his specific claims of ineffective assistance of counsel. Mr. Oboh's failure to file this waiver may result in the dismissal of his claims. Once

the Court is in receipt of Mr. Oboh's waiver, it will issue the subpoena that the United States requests in its motion.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE